J-A27030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                  :            PENNSYLVANIA
                                  :
        v.                       :
                                  :
                                  :
TERRENCE FITZPATRICK,        :
                                  :
          Appellant           :     No. 1034 EDA 2019

Appeal from the PCRA Order Entered March 5, 2019
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0000713-2007

BEFORE: BOWES, J., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:            **FILED MARCH 06, 2020**

Appellant, Terrence Fitzpatrick, appeals from the order denying his third

petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court summarized the procedural history of this case as

follows:

> On March 13, 2008, [Appellant] was convicted by a jury of two counts of attempted murder,[2] two counts of aggravated assault,[3] conspiracy to commit murder,[4] conspiracy to commit aggravated assault,[5] and firearms not to be carried without a license.[6] On June 9, 2008, [Appellant] was sentenced to twenty to forty years in prison on the first count of attempted murder and a concurrent term of nine to eighteen years on the second attempted murder count. [Appellant] was also sentenced to concurrent terms of nine to eighteen years for conspiracy to commit criminal homicide, four to eight years for conspiracy to commit aggravated assault, and four to eight years for carrying a

---

[*] Retired Senior Judge assigned to the Superior Court.

firearm without a license, for an aggregate sentence of twenty to forty years in state prison.

2 18 Pa.C.S.A. § 901; 18 Pa.C.S.A. § 2502.

3 18 Pa.C.S.A. § 2702 (amended Oct. 24, 2012, effective Dec. 24, 2012, amended Dec. 18, 2013, effective Jan. 1, 2014).

4 18 Pa.C.S.A. § 903; 18 Pa.C.S.A. § 2502.

5 18 Pa.C.S.A. § 903; 18 Pa.C.S.A. § 2702 (amended Oct. 24, 2012, effective Dec. 24, 2012, amended Dec. 18, 2013, effective Jan. 1, 2014).

6 18 Pa.C.S.A. § 6105 (amended Oct. 17, 2008, effective Dec. 16, 2008, amended Nov. 3, 2016, effective Jan. 3, 2017).

[Appellant] filed post-sentence motions, which the court denied in an order filed on October 16, 2008. [Appellant] filed an appeal to the Superior Court from that order, and, on March 8, 2010, the Superior Court affirmed the sentence of this court. [Appellant] thereafter filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on August 31, 2010.

On October 31, 2011, [Appellant] filed a "Motion for Post-Conviction Collateral Relief" ("First PCRA Petition"). On November 9, 2011, the court entered an order appointing Brian M. Monahan, Esquire to represent [Appellant] with regard to his First PCRA Petition. On March 23, 2012, Attorney Monahan filed a no-merit letter, pursuant to the mandates of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988). That same day, the court filed a "Notice of Intention to Dismiss P.C.R.A. Petition without a Hearing and Grant Petition to Withdraw Appearance," based upon Attorney Monahan's no-merit letter. A copy of the notice was sent to [Appellant] by certified mail. When [Appellant] did not file a response to the notice within twenty days, on April 16, 2012, the court entered an order dismissing [Appellant's] First PCRA Petition, pursuant to Rule of Criminal Procedure 907(1), and an additional order granting Attorney Monahan leave to withdraw his appearance.

On May 8, 2012, [Appellant] filed an appeal to the Superior Court from the court's order dismissing his First PCRA Petition. On February 1, 2013, the Superior Court affirmed the court's order dismissing [Appellant's] First PCRA Petition. [Appellant] then petitioned the Supreme Court of Pennsylvania for allowance of appeal, which was denied on July 2, 2013.

On August 28, 2015, [Appellant] filed a "Petition for Post-Conviction Collateral Relief" ("Second PCRA Petition"). On November 3, 2016, the court filed an "Order of Court and Notice of Intention to Dismiss [Appellant's] Petition without a Hearing." On November 21, 2016, [Appellant] filed a "Brief in Opposition" to the court's notice. On December 5, 2016, the court entered an order dismissing [Appellant's] Second PCRA Petition pursuant to Rule of Criminal Procedure 907(1).

On September 25, 2017, [Appellant] filed an appeal to the Superior Court from the court's order dismissing his Second PCRA Petition. On May 25, 2018, the Superior Court affirmed the court's order dismissing [Appellant's] Second PCRA Petition. [Appellant] did not petition the Supreme Court of Pennsylvania for allowance of appeal.

On December 27, 2018, [Appellant] filed his Third PCRA Petition, in which he raises three issues. First, he argues that he received ineffective assistance of counsel during the trial and post-conviction stages of his case. Second, [Appellant] argues that his co-defendant's Sixth Amendment rights were violated when the Commonwealth obtained a search warrant to remove a bullet from the victim's body while the co-defendant remained in prison without counsel. Thus, [Appellant] argues that his conviction was based on an unconstitutional search, since that bullet was ultimately used to implicate [Appellant's] guilt. Lastly, [Appellant] argues that his trial and his co-defendant's trial should have been severed. He further asserts that these arguments are timely in light of *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007).

PCRA Court Opinion, 2/1/19, at 2-5.

On February 1, 2019, the PCRA court issued a notice of intent to dismiss the petition without a hearing. Appellant filed a response, and on March 5, 2019, the PCRA court dismissed Appellant's petition. Appellant filed a notice

of appeal on April 1, 2019. Appellant and the trial court complied with Pa.R.A.P. 1925.[1]

On appeal, Appellant presents the following issues for our review:

I.   Whether the underlying trial and post conviction proceedings were so fundamentally unfair that it deprived Appellant of due process?

II.   Whether the facts surrounding the violation of co-defendant's, Brandon Fleming, Sixth Amendment rights were unknown to Appellant, and, as a consequence, interfered with Appellant's ability to timely raise his claims for relief under the PCRA?

III.   Whether the underlying judges and detectives interfered with Appellant's ability to timely raise his claims for relief under the PCRA?

IV.   Whether the trial court failed to protect Appellant from a prejudicial joinder trial after the discovery of the second bullet?

V.   Whether Appellant received layered ineffective assistance of counsel?

Appellant's Brief at 5.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of

---

[1] The PCRA court filed a "Statement" pursuant to Pa.R.A.P. 1925(a), and in it relied on the reasoning for the dismissal in its Notice of Intention to Dismiss filed February 1, 2019.

record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A petition invoking one of these exceptions must be filed within

---

[2] The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the

one year of the date the claim could first have been presented.[3]  42 Pa.C.S.

§ 9545(b)(2).

Our review of the record reflects that Appellant was sentenced on June

9, 2008.  Appellant's judgment of sentence was affirmed on March 8, 2010,

***Commonwealth v. Fitzpatrick***, 996 A.2d 540, 3259 EDA 2008, (Pa. Super.

filed  March  8,  2010),  and  his  petition  for  allowance  of  appeal  to  the

Pennsylvania  Supreme  Court  was  denied  on  August  31,  2010.

***Commonwealth v. Fitzpatrick***, 4 A.3d 157, 246 MAL 2010 (Pa. filed August

31, 2010).  Appellant did not seek review with the U.S. Supreme Court.  As

such, Appellant's judgment of sentence became final for PCRA purposes on

---

claim in violation of the Constitution or laws of this Commonwealth
or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown
to  the  petitioner  and  could  not  have  been  ascertained  by  the
exercise of due diligence; or

(iii)  the  right  asserted  is  a  constitutional  right  that  was
recognized by the Supreme Court of the United States or the
Supreme Court of Pennsylvania after the time period provided in
this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[3]  Until recently, a petition invoking an exception was required to be filed
within sixty days of the date the claim could have been presented.  However,
Act 146 of 2018 amended 42 Pa.C.S. § 9545(b)(2), and Section 9545(b)(2)
now provides that a PCRA petition invoking a timeliness exception must be
filed within one year of the date the claim could have been presented.  ***See***
2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018,
§ 2 and § 3 ("[T]he amendment ... shall apply to claims arising on Dec. 24,
2017 or thereafter.").  Although applicable to Appellant's instant petition, the
change in the law from sixty days to one year does not impact our analysis.

November 29, 2010, ninety days after the Pennsylvania Supreme Court denied *allocatur* and time expired for Appellant to file an appeal with the United States Supreme Court. ***See*** 42 Pa.C.S. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); U.S. Sup. Ct. R. 13. Therefore, Appellant had to file the current PCRA petition by November 29, 2011, in order for it to be timely. ***See*** 42 Pa.C.S. § 9545(b)(1) (a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final). Appellant did not file the instant PCRA petition until December 27, 2018. Thus, Appellant's instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within one year of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). It is the petitioner's burden to allege and prove that one of the exceptions exists. ***Commonwealth v. Whitehawk***, 146 A.3d 266, 269–270 (Pa. Super. 2016).

In an effort to establish an exception to the PCRA time-bar, Appellant argues that

- 7 -

the first two exceptions to the timely filing requirements of the PCRA have been satisfied: (1) the surreptitious actions of the judges and detectives involved in the deprivation of [co-defendant's] Sixth Amendment rights and the surgically removed bullet not only interfered with Appellant's ability to properly defend himself at trial, but also precluded him from timely raising such claims when seeking collateral relief under the PCRA; and (2) the facts surrounding the surgically removed bullet, specifically the deprivation of [co-defendant's] Sixth Amendment rights, were unknown to Appellant because he was not present during [co-defendant's] arraignment proceedings.

Appellant's Brief at 11. Appellant further avers that in addition to establishing these two exceptions, he is also able to "demonstrate that the underlying proceedings were so fundamentally unfair, that the entire process itself should be rendered 'presumptively unreliable under the Sixth Amendment. Bennett, supra.[']" *Id.* at 12. Appellant maintains that

there is no difference between the court appointed PCRA attorney at issue in Bennett who failed to timely submit an appellate brief, and the court appointed PCRA attorney at issue in this matter who provides a timely brief with a blatantly erroneous opinion. This is because the result of such attorneys' actions is the same – i.e., their representation results in the functional equivalent of a complete denial of counsel.

*Id.* at 13 (verbatim).

Appellant first argues that he has established the exception to the PCRA time-bar under subsection 9545(b)(1)(i). Appellant's Brief at 28-29. Appellant argues that government officials involved in his case interfered with his claims under the PCRA, as follows:

(1) the magistrate judge who failed to advise co-defendant Fleming of his right to counsel; (2) the judge who issued the warrant to allow the search of victim Dowe while co-defendant Fleming (a primary suspect of the shooting victim) remained in

prison without an attorney; and (3) the detectives who obtained the warrant, oversaw the search of victim Dowe, and sent the purported bullet to the Pennsylvania State Police for forensics testing.

*Id.* at 29. Appellant further states that

[i]n light of Appellant being unaware of such government officials being involved in the deprivation of his claims involving violation of the Constitution, and also not having the ability to learn (or appreciate the legal significance) of such facts, Appellant submits that the first exception to the timely filing requirements under § 9545(b)(1)(i) is . . . satisfied in this instance.

*Id.* at 29-30.

In order to meet the statutory requirements of the "governmental interference" exception to the PCRA's one year jurisdictional time-bar, Appellant was required to plead and prove that his "failure to raise the claim [or claims] **previously** was the result of interference by government officials with the presentation of the claim [or claims] in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States ...." ***Commonwealth v. Chester***, 895 A.2d 520, 523 (Pa. 2006) (emphasis in original)(quoting 42 Pa.C.S. § 9545(b)(1)(i)).

Appellant's argument under this exception is unclear. To the extent Appellant claims any alleged interference by the magistrate judge, the judge who issued the warrant, and the detective who obtained the warrant, we find no merit to these claims. All of these government officials were involved in Appellant's case pretrial. As such, Appellant was aware of these alleged interferences at the time of trial, and could have raised them at trial, on direct

appeal, or in his first two PCRA petitions. Thus, Appellant failed to prove that his failure to raise these claims previously was as a result of interference by government officials. *Chester*, 895 A.2d at 523-524.

We next address Appellant's assertions that he has established the exception under subsection 9545(b)(1)(ii). Appellant's Brief at 16-28. Appellant argues that his

> conviction was made and upheld on appeal as a result of co-defendant Fleming being denied counsel following his preliminary arraignment as required under the Sixth Amendment and Pa.R.Crim.P. 540(H). While co-defendant Fleming was held captive in the Northampton County prison, the Palmer Twp. police conducted a search of the victim co-defendant Fleming was charged with attempting to murder, Marvin Dowe. The bullet purportedly recovered from Mr. Dowe would then be used to arrest and convict Appellant.

*Id.* at 16-17. Appellant further argues that neither his trial nor his PCRA counsel questioned "the blatant violation of co-defendant Fleming's 6th Amendment rights as a result of Fleming being unrepresented for over a month after his preliminary arraignment nor did Appellant's prior counsel question whether such a violation impacted the constitutionality of the search of Mr. Dowe." *Id.* at 17. Appellant continues: "Most importantly, neither counsel questioned whether Appellant was afforded due process under the 5th and 14th Amendments of the Constitution when he was convicted to a sentence of twenty (20) to forty (40) years in prison on evidence produced from an unconstitutional search." *Id.*

This Court has stated the following in outlining the exception under Section 9545(b)(1)(ii):

The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts."

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (internal citations omitted).

Furthermore, Appellant's claims constitute assertions of trial and PCRA counsel ineffectiveness. Generally, a claim of ineffectiveness does not constitute a "fact" for purposes of the timeliness exception allowed by 42 Pa.C.S.A. § 9545(b)(1)(ii). *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000) ("a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits.") (citing *Commonwealth v. Lark*, 746 A.2d 585, 589–590 (Pa. 2000)) (holding that couching argument in terms of ineffectiveness cannot save a petition that does not fall into an exception to the jurisdictional time-bar). Accordingly, these claims of ineffectiveness do not constitute an exception to the PCRA time-bar.

In an effort to circumvent this line of cases, Appellant relies on *Bennett*, 930 A.2d at 1268, and asserts "that the entire process itself should be rendered 'presumptively unreliable under the Sixth Amendment.'" Appellant's

Brief at 12. Appellant maintains that PCRA counsel's conclusion that introduction at trial of a second bullet removed from the victim's car did not put Appellant's interests at direct odds with his co-defendant's defense was erroneous. *Id.* at 12-13. He posits that counsel was therefore ineffective and

> submits herein that there is no difference between the court appointed PCRA attorney at issue in Bennett who failed to timely submit an appellate brief, and the court appointed PCRA attorney at issue in this matter who provides a timely brief with a blatantly erroneous opinion. This is because the result of such attorneys' actions is the same – i.e., their representation results in the functional equivalent of a complete denial of counsel. As recognized under Bennett, a denial of counsel mandates the presumption of prejudice because the process itself has been rendered presumptively unreliable under the Sixth Amendment. When the process is rendered presumptively unreliable, a petitioner-defendant such as Appellant is to be afforded leeway in the preservation of his PCRA claims.

*Id.* at 13-14 (internal quotation marks and citations omitted).

In **Bennett**, our Supreme Court acknowledged the line of cases holding that an allegation of PCRA counsel's ineffectiveness could not be invoked as a newly discovered "fact" for purposes of subsection 9545(b)(1)(ii). **Bennett**, 930 A.2d at 1272 (citing **Gamboa–Taylor**, 753 A.2d at 785; **Commonwealth v. Pursell**, 749 A.2d 911, 916 (Pa. 2000)). The **Bennett** Court distinguished those cases from the procedural scenario before it, explaining that "[t]hose cases, however, have no relevance when the claim emanates from the complete denial of counsel." **Bennett**, 930 A.2d at 1273. The Court further explained:

> Consistent with this jurisprudence, this Court has recognized a distinction between situations in which counsel has narrowed the

- 12 -

ambit of appellate review by the claims he has raised or foregone versus those instances, as here, in which counsel has failed to file an appeal at all. . . . Accordingly, following our prior case law, we hold that the analysis set forth in *Gamboa–Taylor* and subsequent case law does not apply to situations when counsel **abandons** his client for purposes of appeal.

*Bennett*, 930 A.2d at 1273 (emphasis added). As a result, the Court held that "[the a]ppellant ha[d] made sufficient allegations that counsel abandoned him for purposes of his first PCRA appeal by failing to file an appellate brief and that [the a]ppellant's relief under subsection (b)(1)(ii) is not controlled by the *Gamboa–Taylor* line of case law." *Id.* Furthermore, the Court stated that having concluded that the appellant's allegations bring his claim within the ambit of subsection (b)(1)(ii), he must still prove that the facts were "unknown" to him and that he could not have uncovered them by exercising "due diligence." *Id.* at 1274. Concluding that such questions required further fact-finding and the PCRA court, acting as fact-finder, should determine whether Appellant met the "proof" requirement under 42 Pa.C.S. § 9545(b)(1)(ii), the Court remanded the matter to the Superior Court for remand to the PCRA court for further consideration. *Id.* at 1275.

Thus, we disagree with Appellant's assertion that *Bennett* supports his claim that his PCRA petition meets the exception to the PCRA time-bar under subsection 9545(b)(1)(ii). In the case *sub judice*, there is no evidence that Appellant's trial or PCRA counsel abandoned him. Thus, *Bennett* does not apply on that basis.

Additionally, our Supreme Court subsequently clarified **Bennett**, explaining that:

> The **Bennett** Court emphasized that any petitioner requesting a *nunc pro tunc* appeal based on an abandonment theory had to show due diligence and establish that the petition was filed in accordance with subsection (b)(2). We did not authorize courts to grant post-conviction relief in every instance where a petitioner has been abandoned by appellate counsel, and we neither stated nor implied that petitioners could circumvent the statutory filing deadline by citing **Bennett** as an independent basis for a new claim of ineffectiveness.

**Commonwealth v. Watt**, 23 A.3d 980, 986 (Pa. 2011). Accordingly, even if Appellant could establish that counsel had abandoned him, he would also have to prove that these facts were unknown to him and that he could not have discovered these facts earlier exercising due diligence. **Watt**, 23 A.3d at 986; **Bennett**, 930 A.2d at 1274. Moreover, he would have to establish a timely filing of that petition pursuant to subsection 9545(b)(2). **Id.**

In the case herein, Appellant neither argues nor proves when he first learned of these newly discovered facts, why these facts could not have been discovered earlier by exercising due diligence, or that he timely filed the petition in relation to those newly discovered facts. Furthermore, we note that Appellant would have been aware of what arguments his trial and previous PCRA counsel had made or failed to make at the time of their respective filings. Moreover, any alleged actions regarding co-defendant Fleming and his representation or lack thereof occurred in 2006-2007. Appellant's Brief at 18-23. Appellant has failed to establish why he could not have uncovered those

facts earlier by the exercise of due diligence. Accordingly, Appellant is unable to invoke an exception on the basis of *Bennett*.

Accordingly, Appellant's claims amount to nothing more than assertions of trial and PCRA counsel ineffectiveness. As a result, Appellant's claims fail to establish an exception to the PCRA time-bar. *Gamboa-Taylor*, 753 A.2d at 785; *Lark*, 746 A.2d at 589–590.

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/6/20